IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CHADWICK H., SR.,[1]
    Plaintiff,

v.	Civil No. 3:24cv75 (DJN)

LELAND DUDEK,[2]
Acting Commissioner of the
Social Security Administration,
    Defendant.

## FINAL MEMORANDUM ORDER
### (Adopting Report and Recommendation)

In this action, Plaintiff Chadwick H., Sr., ("Plaintiff") seeks review of the Commissioner of the Social Security Administration's (the "Commissioner" or "Defendant") decision to deny his Title II application for disability insurance benefits. This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Objections" (ECF No. 17)), objecting to the Report and Recommendation (ECF No. 16) entered by Magistrate Judge Summer L. Speight on January 29, 2025, which recommended that Plaintiff's Motion for Summary Judgment (ECF No. 12) be denied, Defendant's Motion for Summary Judgment (ECF No. 14) be granted and the final decision of the Commissioner be affirmed. For the reasons set forth below, the Court finds that Plaintiff's Objections lack merit and therefore

---

[1]    The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in Social Security cases.

[2]    Leland Dudek became the Acting Commissioner of the Social Security Administration on February 16, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek is automatically substituted as the defendant in this suit.

DENIES Plaintiff's Motion for Summary Judgment (ECF No. 12), GRANTS Defendant's Motion for Summary Judgment (ECF No. 14) and ADOPTS the Report and Recommendation of the Magistrate Judge (ECF No. 16) as the opinion of the Court.

## I.     PROCEDURAL HISTORY

On February 12, 2025, Plaintiff filed his Objections (ECF No. 17), which objects to the Report and Recommendation on two grounds. First, Plaintiff objects to the Magistrate Judge's conclusion that the Administrative Law Judge ("ALJ") sufficiently articulated the persuasiveness of FNP-C Blowe's medical opinion. (*Id.* at 2–3.) Specifically, Plaintiff contends that the ALJ failed to discuss his consideration of the supportability and consistency factors. (*Id.*) According to Plaintiff, the ALJ's one-sentence explanation of these factors qualifies as "patently deficient" under the regulations. (*Id.* at 3.) Second, and on a related note, Plaintiff objects to the Magistrate Judge's consideration of the ALJ's decision "as a whole" to support his analysis of FNP-C Blowe's medical opinion. (*Id.* at 3–4.)

On February 26, 2025, the Commissioner filed Defendant's Response to Plaintiff's Objections (ECF No. 18), arguing that Magistrate Judge Speight correctly found that substantial evidence supports the ALJ's determination of the medical opinion evidence. Defendant further submits that Magistrate Judge Speight properly "consider[ed] the ALJ's whole opinion in determining whether the ALJ addressed supportability and consistency." (*Id.* at 5 (quoting *Lori R. v. O'Malley*, 2024 WL 1283788, at *6 (E.D. Va. Mar. 26, 2024)).)

Plaintiff elected not to file a reply, and the time to do so has elapsed, rendering this matter ripe for resolution.

## II. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting a *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. This Court will uphold an ALJ's Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In reviewing for substantial evidence, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

## III. ANALYSIS

Plaintiff contends that the ALJ failed to properly consider the supportability and consistency of FNP-C Blowe's medical opinion. (Objs. at 2–3.) Plaintiff focuses on one sentence of the ALJ's decision, where he states: "While Ms. Blowe supported her opinion with a narrative of her findings from her examination, it is not consistent with those findings nor with

3

the remainder of the medical evidence." (*Id.* at 2 (quoting R. at 24).) In Plaintiff's view, this "lack of articulation" cannot be justified by considering the ALJ's decision "as a whole." (*Id.* at 4.) After conducting a *de novo* review of the relevant portions of the record, the Court OVERRULES Plaintiff's Objections (ECF No. 17).

The Court finds the Report and Recommendation well-reasoned and supported by the record and applicable law. As to Plaintiff's second objection, Magistrate Judge Speight properly considered the ALJ's whole opinion in determining whether the ALJ addressed supportability and consistency. *Lori R.*, 2024 WL 1283788, at *6; *see also Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) (assessing "the ALJ's decision as a whole"). Before evaluating FNP-C Blowe's medical opinion, the ALJ discussed the records of FNP-C Blowe and other treatment providers, as well as Plaintiff's medical history. (R. at 22–24.) The ALJ then found FNP-C Blowe's opinion internally inconsistent with her own findings and not consistent with the record evidence. (R. at 24.) The ALJ explained his finding that FNP-C Blowe's opinion was "not generally persuasive" by referencing medical findings that he had discussed in detail in the preceding review of the medical evidence. (*Id.*) By doing so, the ALJ "buil[t] an accurate and logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

As to supportability, the Court finds that the ALJ adequately addressed this factor. As Magistrate Judge Speight explained, "the ALJ found that while FNP-C Blowe 'supported her opinion with a narrative of her findings from her examination,' her own findings contradicted portions of her opinion." (R. & R. at 13 (quoting R. at 24).) "FNP-C Blowe's functional assessment limited Plaintiff to about four hours of sitting and less than two hours of standing and walking and opined that Plaintiff would need an assistive device to ambulate." (*Id.* (citing R. at

4

1006–07).) "The ALJ found these limitations contradicted by FNP-C Blowe's other findings that Plaintiff had a normal, tandem gait and base of support, could walk on heels and toes, did not use an assistive device and had full muscle strength in his lower extremities." (*Id.* (citing R. at 23–24).) "Thus, the ALJ properly considered FNP-C Blowe's supporting explanations and adequately explained why he found portions of her opinion internally inconsistent with those explanations." (*Id.* (citing R. at 24; 20 C.F.R. § 404.1520c(c)(1)).)

Likewise, the Court finds that the ALJ sufficiently articulated his consideration of the consistency factor. As Magistrate Judge Speight explained, the "ALJ found FNP-C Blowe's opinion inconsistent with other examination findings and Plaintiff's function report, which support less limitations than those determined by FNP-C Blowe." (*Id.* (citing R. at 24).) The ALJ acknowledged physical examinations showing "tenderness and slightly diminished strength in [Plaintiff's] right shoulder" and limited range of motion in his lumbar and cervical spine. (R. at 23.) But otherwise, Plaintiff's examinations were generally "unremarkable" with Plaintiff routinely showing intact sensation, normal range of motion, full strength in all other areas, no abnormalities in Plaintiff's gait, stance or coordination, and no need for an assistive device for walking. (R. at 23–24.) "Thus, the ALJ found FNP-C Blowe's opinion inconsistent 'with the remainder of the medical evidence,' which he had previously summarized." (R. & R. at 14 (quoting R. at 24).)

The ALJ's decision also outlines the opinions of the two state agency physicians who evaluated Plaintiff. (R. at 24.) As the ALJ stated, Dr. Spetzler determined that Plaintiff could stand and/or walk for about six hours, sit for about six hours, occasionally reach overhead with his right arm, frequently reach to the front and laterally, push and pull with his right arm, and had no other manipulative limitations. (R. at 24, 76.) Dr. Hutcheson found that Plaintiff could

5

perform light work. (R. at 24.) The ALJ then went on to summarize FNP-C Blowe's opinion which, as discussed above, was more limiting than the opinions of Drs. Spetzler and Hutcheson, and therefore, inconsistent with them. (R. at 24.) When considering the ALJ's decision altogether, then, the ALJ properly addressed the consistency factor with respect to FNP-C Blowe's opinion.

As Magistrate Judge Speight explained, the ALJ applied the correct legal standards in evaluating FNP-C Blowe's opinion, and substantial evidence supports the ALJ's determination. (R. & R. at 12–15.) Even if this Court would reach a different conclusion or weigh the evidence differently, it must accept the Commissioner's decision where, as here, it stands supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

## IV.   CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching that decision. Accordingly, the Court hereby ORDERS that:

1. Plaintiff's Objections (ECF No. 17) are OVERRULED and the Report and Recommendation of the Magistrate Judge (ECF No. 16) is ACCEPTED and ADOPTED as the OPINION of the Court;

2. Plaintiff's Motion for Summary Judgment (ECF No. 12) is hereby DENIED;

3. Defendant's Motion for Summary Judgment (ECF No. 14) is hereby GRANTED;

4. The decision of the Commissioner is hereby AFFIRMED; and

5. This case is now CLOSED.

Let the Clerk file this Order electronically and notify all counsel of record.

It is so ORDERED.

Richmond, Virginia
Dated: March 6, 2025

/s/
David J. Novak
United States District Judge